# United States Court of Appeals

*for the*

# Fifth Circuit

---

Case No. 25-90025

STATE OF TEXAS,

*Plaintiff-Respondent,*

v.

3M,

*Defendant-Petitioner.*

APPLICATION FOR PERMISSION TO APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION, CASE NO. 3:25-CV-00122-L

## OPPOSITION TO APPLICATION FOR PERMISSION TO APPEAL UNDER THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1453(C)

KATIE B. HOBSON
BRITTANY E. WRIGHT
JAKE MARX
OFFICE OF THE TEXAS ATTORNEY GENERAL
ENVIRONMENTAL PROTECTION DIVISION
P.O. Box 12548, MC-066
Austin, Texas 78711
(512) 463-2012

– and –

W. MARK LANIER
ALEX BROWN
THE LANIER LAW FIRM, P.C.
10940 West Sam Houston Parkway
 North, Suite 100
Houston, Texas 77064
(713) 659-5200

WILLIAM J. JACKSON
 *Counsel of Record*
JENNIFER C. BARKS
KELLEY DRYE & WARREN LLP
515 Post Oak Boulevard,
 Suite 900
Houston, Texas 77027
(713) 355-5000

– and –

GLENN T. GRAHAM
KELLEY DRYE & WARREN LLP
Three World Trade Center
175 Greenwich Street
New York, New York 10007
(212) 808-7800

*Counsel for Plaintiff-Respondent State of Texas*

# CERTIFICATE OF INTERESTED PARTIES

*State of Texas v. 3M Company; Corteva, Inc.; Dupont De Nemours, Inc.; and EIDP, Inc. f/k/a E.I. Du Pont De Nemours and Company*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Plaintiff – Respondent | Counsel for Plaintiff - Respondent |
| --- | --- |
| State of Texas | Mark Lanier<br>Alex Brown<br>THE LANIER LAW FIRM, P.C.<br>10940 W. Sam Houston Pkwy N., Ste. 100<br>Houston, TX 77054<br><br>Ken Paxton<br>Brent Webster<br>Ralph Molina<br>Austin Kinghorn<br>Jonathan Stone<br>Jennifer Roscetti<br>Kelley U. Owens<br>Kellie E. Billings-Ray<br>Katie B. Hobson<br>Brittany E. Wright<br>Jake E. Marx<br>OFFICE OF THE TEXAS ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, TX 78711<br><br>William J. Jackson<br>Jennifer C. Barks |

| | Lauren H. Shah<br>Maria F. Pimienta<br>KELLEY DRYE & WARREN LLP<br>515 Post Oak Blvd. Suite 900<br>Houston, TX 77027<br><br>David I. Zalman<br>Glenn T. Graham<br>Elizabeth N. Krasnow<br>KELLEY DRYE & WARREN LLP<br>3 World Trade Center<br>175 Greenwich St.<br>New York, NY 10007<br><br>Scotty MacLean<br>MACLEAN LAW FIRM, P.C.<br>4916 Camp Bowie Blvd.<br>Fort Worth, TX 76107<br><br>Robert A. Bilott<br>TAFT STETTINIUS &<br>HOLLISTER LLP 425 Walnut St.,<br>Suite 1800<br>Cincinnati, OH 45202 |
| --- | --- |
| **Defendant – Applicant** | **Counsel for Defendant - Applicant** |
| 3M Company | Gregg J. Costa<br>GIBSON, DUNN & CRUTCHER LLP<br>811 Main St., Suite 3000<br>Houston, TX 77002<br><br>Lauren Goldman<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Ave.<br>New York, NY 10166 |

| | John T. Cox III |
| | Ashley E. Johnson |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 2001 Ross Avenue, Suite 2100 |
| | Dallas, TX 75201 |
| | |
| | Adam I. Steene |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1700 M St. NW |
| | Washington, DC 20036 |

| **Defendants** | **Counsel for Defendants** |
| --- | --- |
| Corteva, Inc.<br><br>Dupont De Nemours, Inc.<br><br>EIDP, Inc. f/k/a E.I. Du Pont De Nemours and Company | Kimberly Priest Johnson<br>SHOOK, HARDY & BACON LLP<br>100 Crescent Ct., Suite 700<br>Dallas, TX 75201<br><br>Ryan S. Killian<br>Britta S. Todd<br>SHOOK, HARDY & BACON LLP<br>600 Travis Street, Suite 3400<br>Houston, TX 77002<br><br>Brent Dwerlkotte<br>SHOOK, HARDY & BACON LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108 |

Respectfully submitted,

*/s/ William J. Jackson*
William J. Jackson

*Counsel of Record for State of Texas*

3

# TABLE OF CONTENTS

INTRODUCTION ...................................................................... 1

QUESTION PRESENTED .......................................................... 5

STATEMENT OF THE CASE ...................................................... 6

    I.    The State sued 3M and others on behalf of the State ........... 6

    II.    3M removed to federal court ................................................ 8

    III.  The district court remanded .................................................. 9

ARGUMENT ........................................................................... 12

    I.    This case does not warrant interlocutory review because
        it does not present an "important" or "unsettled" CAFA-
        related question (factors one and two) ................................. 12

    II.    The remand order was properly decided and the
        underlying legal basis is not debatable (factor three) ......... 16

    III.  3M's remaining arguments fare no better (factors four
        through eight) ...................................................................... 20

CONCLUSION ....................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alvarez v. Midland Credit Mgmt., Inc.,*
585 F.3d 890 (5th Cir. 2009) ............................................................ 13

*Baumann v. Chase Inv. Services Corp,*
747 F.3d 1117 (9th Cir. 2014) ......................................................... 18

*BP America, Inc. v. Oklahoma ex rel. Edmondson,*
613 F.3d 1029 (10th Cir. 2010) ................................................. 19, 21

*College of Dental Surgeons of Puerto Rico v. Connecticut*
*Gen. Life Ins. Co.,*
585 F.3d 33 (1st Cir. 2009) .............................................................. 21

*Dart v. Cherokee Basin Operating Co. v. Owens,*
574 U.S. 81 ................................................................................ 20, 21

*Minnesota ex rel. Ellison v. American Petroleum Institute,*
63 F.4th 703 (8th Cir. 2023) ........................................................... 14

*Farmers Grp., Inc. v. Lubin,*
222 S.W.3d 417 (Tex. 2007) .............................................................. 7

*Grace Ranch, L.L.C. v. BP Am. Prod. Co.,*
989 F.3d 301 (5th Cir. 2021) ......................................................... 9, 19

*Mississippi ex rel. Hood v. AU Optronics Corp.,*
701 F.3d 796 (5th Cir. 2012), *rev'd on other grounds*, 571
U.S. 161 (2014) ........................................................................ *passim*

*In re Katrina Canal Litigation Breaches,*
524 F.3d 700 ................................................................................... 15

*Latiolais v. Huntington Ingalls, Inc.,*
951 F.3d 268 (5th Cir. 2020) ........................................................... 12

*LG Display Co. v. Madigan,*
  665 F.3d 768 (7th Cir. 2011) ................................................ 14

*West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.,*
  646 F.3d 169 (4th Cir. 2011) ........................................... 14, 18

*Nessel ex rel. Mich. v. AmeriGas Partners, L.P.,*
  954 F.3d 831 (6th Cir. 2020) ........................................... 14, 18

*Molano v. State,*
  262 S.W. 3d 554 (Tex. App.—Corpus Christi – Edinburg
  2008, no pet.) ...................................................................... 7

*Par. of Plaquemines v. Chevron USA, Inc.,*
  7 F.4th 362 (5th Cir. 2021) ................................................. 12

*Patterson v. Dean Morris, L.L.P.,*
  448 F.3d 736 (5th Cir. 2006) .............................................. 12

*Purdue Pharma L.P. v. Kentucky,*
  704 F.3d 208 (2d Cir. 2013) ............................................... 14

*Stewart v. Entergy Corp.,*
  35 F.4th 930 (5th Cir. 2022) (per curiam) ......................... 12

*Veasey v. Abbott,*
  870 F.3d 387 (5th Cir. 2017) .............................................. 22

*Washington v. Chimei Innolux Corp.,*
  659 F.3d 842 (9th Cir. 2011) .............................................. 14

**Statutes**

28 U.S.C. § 1332(a) ...................................................................... 8

28 U.S.C. § 1447(d) ...................................................................... 5

Class Action Fairness Act, 28 U.S.C. §§ 1332(d) ........................... *passim*

TEX. BUS. & COM. CODE § 17.47(a) ................................................. *passim*

iii

T<small>EX</small>. G<small>OV</small>. C<small>ODE</small> § 402.007(a) ....................................................................... 10

**Other Authorities**

Black's Law Dictionary ......................................................... 4, 17

Federal Rule of Civil Procedure 23 ................................................. *passim*

Texas Rule of Civil Procedure 42 ................................................... 1

# INTRODUCTION

The State of Texas's case against Defendant-Applicant 3M ("3M" or "Applicant") is not a class action. It is not, as 3M repeatedly alleges, brought on behalf of any putative class of purchasers of PFAS-containing products.[1] And it is not brought under the Class Action Fairness Act ("CAFA") or any similar Texas law. This case is brought by the State, and only the State, in its own name and on its own behalf, pursuant to its authority under Section 17.47 of the Texas Business and Commerce Code, to seek penalties resulting from 3M's, and other Defendants, decades-long deception. Section 17.47 does not require nor discuss the need for the State to adhere to the requirements of Federal Rule of Civil Procedure 23 or Texas Rule of Civil Procedure 42.

The reason is simple: Section 17.47 is not a procedural statute for private plaintiffs to bring class action lawsuits. Rather, it specifically permits the Consumer Protection Division ("CPD") of the Texas Attorney General's office to bring enforcement actions in the name of the State that

---

[1] The acronym "PFAS" stands for per- and polyfluoroalkyl substances, which include perfluorooctane sulfonic acid ("PFOS") and perfluorooctanoic acid ("PFOA").

are in the "public interest." That a consumer's interest may align with the public interest does not transform the nature, or statutory requirements, of a Section 17.47 action, just as an enforcement action brought by the United States does not automatically render it a putative class action brought on behalf of a nationwide class.

The scope of CAFA does not govern so-called "de facto class action[s]" (which this is not, to the extent such a thing even exists) just as it does not grant the Northern District of Texas de facto subject matter jurisdiction over this action. And simply labeling a matter as a "de facto class action" does not render it a class action within the meaning of CAFA. For good reason, no court in Texas, federal or state, has agreed with 3M's position. 3M takes this absence of support as evidence that a live controversy exists, one that warrants this Court's resources and attention. It does not. It only highlights that no court has agreed with 3M's legal theory, i.e., that *any* State action initiated under Section 17.47 should be deemed a class action, removable to federal court, and subject to the rigorous procedural requirements governing federal class actions under CAFA. This is not surprising, as adherence to this position would eviscerate the ability of state courts in Texas to hear matters brought by

the State to address wrongs done to the State. Indeed, 3M's position would essentially render *every* enforcement action brought by *every* state against an out-of-state bad actor removable to federal court. 3M's risible position has been uniformly rejected by sister circuit courts.

Even more preposterous is 3M's unsupported position that the State's hiring of outside counsel to prosecute this case somehow transforms this enforcement action into a class action. Of course it does not, and 3M does not—because it cannot—cite *any* authority to support such a position, which flies in the face of a party's bedrock right to hire the counsel of its choosing.

Despite 3M's attempt to shoehorn this state enforcement action into CAFA, the district court rightly agreed with the State's remand arguments and held, in no uncertain terms, that a suit brought pursuant to Section 17.47 is markedly different from a class action. The unambiguous rejection of Applicant's legal theory does not automatically deem this an "important" or "unsettled" CAFA-related question. In fact, *this Circuit* already decided the issue in *Hood v. AU Optronics Corp.*, where it held that an action brought under Mississippi's state enforcement statute was not a class action. It is no wonder then, that a

sister circuit recognized the issue as "straightforward": actions brought by a state under their enforcement statutes are not class actions and not removable under the guise of CAFA. In any event, Applicant's strained arguments, relying at times on definitions contained within Black's Law Dictionary rather than the text of Section 17.47 itself, do not warrant consideration solely because they were voiced. Applicant should not be given permission to appeal the district court's remand order.

# QUESTION PRESENTED[2]

Should 3M's application for permission to appeal be denied because remand orders are not reviewable on appeal absent limited exceptions that are not applicable here, 28 U.S.C. § 1447(d), the State's action is not a class action, and the District Court was correct in remanding this action to state court because the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711-1715 does not apply to an enforcement action brought solely by the State of Texas pursuant to Business and Commerce Code Section 17.47?

---

[2] The questions presented by Defendant-Applicant contain consequential, and inaccurate, assumptions and therefore require the State to present its own legitimate question. Yet, the answer to this question has already been decided by circuit courts and the United States Supreme Court. The Fifth Circuit need not wade into an issue in which there is no conflict.

## STATEMENT OF THE CASE

## I.    The State sued 3M and others on behalf of the State

An action brought by the State under Section 17.47 of the Texas Deceptive Trade Practices Act ("DTPA") is not, as Applicant repeatedly asserts, an action brought "on the consumer's behalf." 3M's Application (App.) at 5. Rather, Section 17.47, under which this action is brought, permits the CPD of the Office of the Attorney General to "bring an action in the name of the state" against the offending party. TEX. BUS. & COM. CODE § 17.47(a). Should a consumer seek to pursue individual remedies or represent a putative class of similarly situated persons, the DTPA provides recourse by allowing "a consumer filing an action under Section 17.50" to maintain such an action "as a class action." *Id.*, § 17.501(a). No such class action provision is found within Section 17.47.

The statutory text makes it clear that the Texas Legislature intentionally structured the availability of remedies under the DTPA in this way – allowing the State to pursue remedies on behalf of the State and consumers to pursue individual remedies as well as assert putative class actions on behalf of other consumers. *Compare* TEX. BUS. & COM. CODE § 17.47(a), *with id.* §§17.50, 17.501(a). If the Texas Legislature had

intended otherwise, it would have made its intentions clear, as it did under, for example, the Texas Insurance Code. *See Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 426 (Tex. 2007) ("The Legislature could have structured this remedy in various ways, but when it authorized attorneys general to bring a 'class action,' we presume it meant what the [Insurance] Code says."). But it didn't. *See Molano v. State*, 262 S.W. 3d 554, 561 (Tex. App.—Corpus Christi – Edinburg 2008, no pet.) ("The DTPA, unlike the insurance code, does not provide for the use of class actions by the Attorney General."). 3M's linguistic gymnastics contradicts the clear legislative intent behind Section 17.47.

It is pursuant to Section 17.47 of the DTPA, and only Section 17.47 of the DTPA, that the CPD, acting on behalf of the State, sued 3M and other defendants in Johnson County. The Petition alleges, in part, that "3M has known for decades that the PFAS contained in its products, such as PFOS, are toxic and adversely affect the environment and human health" yet continued to actively suppress "scientific research on the hazards associated with them and mounted a campaign to control the scientific dialogue on the fate, exposure, analytics, effects to human

health, and ecological risk of PFAS."  Ex. 2 ¶¶ 47, 60.[3]  Despite its

knowledge of the risks, 3M continued to falsely assert, over decades, that

"our products are safe" when it knew that they, in fact, were not.  *Id.* ¶

62.  Based on 3M's "false, misleading, or deceptive acts or practices," and

the authority granted to it under Section 17.47, the State brought this

action "in the public interest."  *Id.* ¶¶ 6, 18.

## II.    3M removed to federal court

3M removed this action to the United States District Court for the

Northern District of Texas under CAFA and, "independently and

alternatively," under 28 U.S.C. §1332(a) arguing that, as the State was

not the real party of interest, there was no diversity of citizenship among

the real parties in interest.  Ex. 3 at 1.  On the grounds of no diversity of

citizenship, which is not subject to the current Application, 3M alleged

that "the real parties in interest are an alleged group of discrete 'Texas

consumers,'" on whose behalf "the Attorney General is seeking, among

---

[3]     All Exhibits referenced by the State in its Opposition to 3M
Company's Application for Permission to Appeal Under the Class Action
Fairness Act of 2005, 28 U.S.C. § 1453(c) (the "Application") refer to the
same exhibits submitted by 3M in support of the Application.

things, 'redress.'" *Id.* at 8.  3M sought to have "[t]he State's citizenship …
disregarded because it is not a real party in interest here." *Id.*

In seeking removal, 3M argued that this action is a class action, as
defined by CAFA, because "it is a lawsuit brought by the Texas Attorney
General under a State statute – the DTPA – which Texas courts recognize
is a 'de facto class action.'" *Id.* at 4. (internal citation omitted).  Circular
logic aside, 3M did not, in its notice of removal, cite to any case that
recognized Section 17.47 cases as class actions, as defined by CAFA –
because none exists.

## III.  The district court remanded

On September 24, 2025, the district court granted the State's
motion to remand.  *First*, the district court noted that, as here, the "State
has a real interest in the relief sought is that which inures to it alone[,]
so that a judgment for the plaintiff will effectively operate in the State's
favor."  Ex. 1 at 8 (citing *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989
F.3d 301, 309 (5th Cir. 2021)).  In this action, the district court held that
"[t]he State of Texas is the real party in interest because the DTPA
explicitly grants the Attorney General and the Consumer Protection
Division of the Attorney General's office to bring suits against persons

engaging 'in any act or practice declared to be unlawful' **on behalf of the State of Texas**." *Id.* (emphasis added) (quoting TEX. BUS. & COM. CODE § 17.47(a)).

Furthermore, the district court held that "it is clear" that the State "seeking redress for the alleged injury, loss, damage, and adverse effects directly or indirectly affecting people in the State of Texas" did not make it a nominal party to this action. *Id.* at 9. Instead, as logic dictates, the district court recognized that a State entity seeking "injunctive relief and civil penalties" as a remedy for the ills committed against individuals that comprise the very state it represents does not equate to an action on behalf of a discrete group of Texas consumers. *Id.* Funds "transferred to the State treasury," which the district court rightly held is the remedy sought by the State, must, and should, be used for the benefit of the very people that comprise the State. *Id.*[4]

*Second*, and relevant to 3M's Application, the district court held that the State's lawsuit was not a class action under CAFA because, in

---

[4] "The Attorney General shall immediately pay into the state treasury money received for a debt, a penalty, or restitution." TEX. GOV. CODE § 402.007(a).

part, "Section 17.47 of the Texas Business and Commerce Code does not contain language similar to Rule 23." *Id.* at 11. The district court recognized that the cases cited by 3M—the same cases cited in its Application to this Court—do not support what 3M's legal theory purports. *Id.* ("[T]he cases [3M] cites do not create an automatic class action suit anytime the State files a suit under the DTPA.").[5] In sum, "[n]either Rule 23 nor Section 17.47 authorizes *de facto* class action suits." *Id.* at 12. Though the district court held that "this case should not have been removed," it denied the State's request to award costs and fees. *Id.* at 15.

---

[5] The district court did not cite to *Marbury v. Madison* to support its conclusion that "de facto class actions" are not class actions under CAFA. The district court cited to *Marbury* for the purposes of saying that a district court has a responsibility "to say what the law is." Ex. 1 at 12. The law here is clear – de facto class actions, to the extent they exist, are not class actions under CAFA.

**ARGUMENT**

## I. This case does not warrant interlocutory review because it does not present an "important" or "unsettled" CAFA-related question (factors one and two)

"An order remanding a case to state court is 'not generally reviewable.'" *Par. of Plaquemines v. Chevron USA, Inc.,* 7 F.4th 362, 367 (5th Cir. 2021) (quoting *Latiolais v. Huntington Ingalls, Inc.,* 951 F.3d 268, 290 (5th Cir. 2020)). Because the District Court correctly remanded this case because it is not a class action and CAFA does not apply, this Circuit should deny 3M's application for permission to appeal.

In any event, even if 3M was entitled to seek discretionary review, such review should be denied. A grant of permission to appeal pursuant to § 1453(c) is discretionary, *Patterson v. Dean Morris, L.L.P.,* 448 F.3d 736, 743 n. 8 (5th Cir. 2006), and its narrow use is intended "to help generate appellate law interpreting CAFA." *Stewart v. Entergy Corp.,* 35 F.4th 930, 936 (5th Cir. 2022) (per curiam). The limited application of § 1453(c) is not intended to address arguments that have already been decided, no matter how many times an applicant frames a question as being a matter of "first impression." Due to the truncated timeframe

Congress intentionally placed on appeals made pursuant to § 1453(c), this Court must, constrained by resources available to it, "weigh the time taken from earlier-filed appeals to tend to the CAFA appeal against the benefit of hearing such an appeal at this juncture." *Alvarez v. Midland Credit Mgmt., Inc.*, 585 F.3d 890, 894 (5th Cir. 2009). A factor in this analysis involves "consideration of the unique nature of the issues presented in the proposed appeal." *Id.*

There is nothing unique about the issues raised by 3M. In fact, this Court decided this issue over a decade ago. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796 (5th Cir. 2012), *rev'd on other grounds*, 571 U.S. 161 (2014). In *Hood*, this Court held that the question of whether the State of Mississippi's suit against certain manufacturers qualified as a "class action" under CAFA "can be answered quickly in the negative" because Mississippi "did not bring this suit under Rule 23" or a statute that is "'similar' to Rule 23." *Id.* at 799. 3M tries unconvincingly to argue that this Court's holding in *Hood* is somehow unclear given the subsequent holding by the Supreme Court with respect to a different issue. But this Court's holding is binding and clear, which is why other Circuit Courts have recently relied on its persuasive reasoning. *See*

*Minnesota ex rel. Ellison v. American Petroleum Institute*, 63 F.4th 703, 716 (8th Cir. 2023) ("And at least half our sister circuits have held that state-led civil enforcement actions likewise don't qualify as 'class actions' under the statute.") (citing *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 212-20 (2d Cir. 2013); *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 176 (4th Cir. 2011); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796, 799 (5th Cir. 2012), *rev'd on other grounds*, 571 U.S. 161, 134 S.Ct. 736, 187 L.Ed.2d 654 (2014); *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 838 (6th Cir. 2020); *LG Display Co. v. Madigan*, 665 F.3d 768, 770-72 (7th Cir. 2011); and *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847-49 (9th Cir. 2011)).

The mere fact that the Fifth Circuit has not directly addressed "whether actions filed by the State of Texas or its Attorney General pursuant to Section 17.47" are deemed class actions under CAFA does not, as 3M maintains, render such a question "important" or "unsettled." Ex. 1 at 14; App. at 13. Instead, it simply indicates that further contestation is inappropriate in light of this Court's prior holdings. 3M contends that the Fifth Circuit should grant a party's application to

appeal under § 1453(c) whenever this Court has not definitively ruled on whether the specific statutory provision at issue may authorize relief that qualifies as a "class action" under CAFA. Such a prospect would grind the Fifth Circuit to a halt given the time constraints for appeals brought under § 1453(c).

Similarly, 3M argues that its Application must be granted because the Fifth Circuit has not previously explained "which elements of Rule 23 were necessary or sufficient for a state rule to be 'similar'" under CAFA. App. at 15. Even if that were true, which it isn't, the absence of such a ruling does not indicate that one is necessary. *See In re Katrina Canal Litigation Breaches*, 524 F.3d 700, 705 ("CAFA only requires that the action be brought under Rule 23 or a state statute that *authorizes* class actions to be brought[.]"). And any argument that a "de facto" class action brought by a state as the sole plaintiff is equivalent to one brought under Rule 23 or a similar state statute has been unambiguously rejected by the Supreme Court. *See Mississippi ex rel. Hood*, 571 U.S. at 744 ("But if Congress had wanted representative actions brought by States as sole plaintiffs to be removable under CAFA on the theory that they are in

substance no different from class actions, it would have done so through the class-action provision[.]")

In sum, 3M's application asks this Court to do two things: (1) review issues that have been uniformly decided by the Supreme Court, this Circuit, and sister circuit courts and (2) transform the discretionary standard for appeal into one that forces this Court to hear every case improperly removed on CAFA grounds, merely because this Court has not definitively ruled on whether the specific statutory provision at issue authorizes relief that qualifies as a "class action" under CAFA. Neither is a proper basis for appeal.

## II.   The remand order was properly decided and the underlying legal basis is not debatable (factor three)

Ignoring the statue's clear meaning, 3M incredulously turns to dictionary definitions to bend the meaning of the statute and argue that "the district court's decision is at odds with well-trodden textualist principles." App. at 17-20.  Yet, creativity aside, this argument does not move the needle.  The Application, citing to the term "representative" in Black's Law Dictionary, argues that Section 17.47 authorizes the Attorney General to "stand[] for or act[] on behalf of another ... group[.]"

*Id.* at 18. But it does not. Section 17.47 does not even use the term "representative" or even "represent"; it instead permits the CPD to bring an action "in the name of the state." TEX. BUS. & COM. CODE § 17.47(a).

Further nullifying 3M's position is the fact that the Texas Legislature has determined that "[i]n bringing or participating in an action under this subchapter, the consumer protection division acts in the name of the state and does not establish an attorney-client relationship with another person[.]" *Id.*, § 17.47(h). The State's statutory inability to adequately represent the interests of a "de facto" class *in any capacity*, let alone adequately, further invalidates 3M's dictionary-based argument.

The cases cited by 3M for the prospect that a state court's shorthand or tertiary treatment of whether a statute is "in substance" the same as a class action, *see* App. at 18, only serve to enhance the State's position that this issue has already been decided by sister circuit courts and thus does not present an "important" or "unsettled" CAFA-related question. *See Baumann v. Chase Inv. Services Corp*, 747 F.3d 1117, 1123 (9th Cir. 2014) ("Because an identical suit brought by the state agency itself would plainly not qualify as a CAFA class action, no different result should

17

obtain when a private attorney general is the nominal plaintiff[.]");
*Nessel ex rel.*, 954 F.3d at 837 ("Instead, because Section 10 does not
require the Attorney General's suit to satisfy the core class action
requirements of numerosity, commonality, typicality, and adequate
representation, it is not 'similar' to Rule 23 for purposes of removal under
CAFA.") (citing *CVS Pharmacy*, 646 F.3d at 177-78)).

3M tethers itself to three state court cases that describe Section
17.47 as a "de facto" class action, in an attempt to manufacture an
appealable issue. App. at 19. However, as noted previously, the Supreme
Court has unambiguously rejected the notion that a so-called "de facto"
class action is a class action for CAFA purposes. *See Mississippi ex rel.
Hood*, 571 U.S. at 744 ("But if Congress had wanted representative
actions brought by States as sole plaintiffs to be removable under CAFA
on the theory that they are ***in substance*** no different from class actions,
it would have done so through the class-action provision[.]") (emphasis
added).

Recognizing that other circuits have all reached the same
conclusion as the district court, 3M argues that those circuits somehow
departed from CAFA's ordinary meaning, but 3M fails to explain what

principle the circuit courts actually departed from. App. at 22. Nor does 3M cite to a circuit court that articulated the position that they urge this Court to take. The reason for that is clear – there is none. Undeterred, 3M then argues that, despite the uniformity of the circuit courts, including this Circuit, an appeal is still warranted because this issue is "eminently debatable" " … in *this* circuit." *Id.* (quoting *BP Am.*, 613 F.3d at 1035). 3M's strained logic requires dilution. On the one hand, 3M argues that this matter presents "important" and "unsettled" CAFA-related questions that require, at this Court's discretion, interlocutory review because there is no clear answer as to whether state enforcement actions can qualify as class actions under CAFA. On the other, 3M argues that this issue must be decided *specifically* by the Fifth Circuit because it may not only reverse itself, but come to a different conclusion than the Supreme Court and every circuit that has already addressed these issues. Here, there is no live controversy and 3M's application should be denied.

## III. 3M's remaining arguments fare no better (factors four through eight)

3M's remaining arguments fare no better. It argues that the questions presented are "consequential" to the resolution of the case, but fails to support that argument with any factual or legal reasoning. App. at 23. The omission is telling, but unsurprising, given that resolution of whether 3M violated the DTPA does not turn on manufactured CAFA-based issues. Moreover, in arguing that these questions are "likely to evade effective review if considered only after final judgment (factor five)," *id.*, 3M omitted a core aspect of the Supreme Court's statement on this point. *See Dart v. Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 91 ("When the CAFA-related question presented in an appeal from a remand order is *'important, unsettled, and recurrent*,'" a court of appeals should then further inquire if the case will "leave the ambit of the federal courts for good, precluding any other opportunity for [the defendant] to vindicate its claimed legal entitlement [under CAFA] … to have a federal tribunal adjudicate the merits.") (emphasis added) (quoting *BP America, Inc. v. Oklahoma ex rel. Edmondson,* 613 F.3d

1029, 1035 (10th Cir. 2010) and *College of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins. Co.*, 585 F.3d 33, 39 (1st Cir. 2009)).

The question is not simply, as 3M interprets it, whether the remand order would prevent a federal court from adjudicating the merits of this action. After all, that is typically what transpires when a case is remanded to state court. Instead, this Court must determine whether the questions presented are "important, unsettled, and recurrent[.]" *Dart*, 574 U.S. at 91. The questions presented here are settled. 3M's arguments do not become "novel" simply because courts have not sided in 3M's favor.

3M claims that because "no discovery has been taken" and because "this case remains in its nascent stages" that the State will suffer no additional harm if appellate review is granted. App. at 24. First, no discovery has been taken because 3M continues to do everything in its power, including filing this Application, to delay this matter and seek to ensure that this matter is not heard before the proper forum. Second, the notion that the State will not be harmed due to a minimal delay is not true and contrary to this Court's prior holding. *See Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017) (acknowledging that the State may

suffer irreparable harm caused by delay by "denying the public interest in the enforcement of its laws").  The State brings this action in the public interest under Section 17.47 to protect its marketplace from deceptive advertisements, including those by 3M.  Appellate review, on an uncontroversial topic, would prohibit the State from pursuing this interest and needlessly further delay a potential resolution.

***

## CONCLUSION

The Court should deny 3M's application for permission to appeal the district court's remand order.

Dated: October 10, 2025

Respectfully submitted,

*/s/ William J. Jackson*

| | |
|---|---|
| Katie B. Hobson | William J. Jackson |
| Brittany E. Wright | Jennifer C. Barks |
| Jake Marx | KELLEY DRYE & WARREN LLP |
| OFFICE OF THE TEXAS | 515 Post Oak Boulevard |
| ATTORNEY GENERAL | Suite 900 |
| ENVIRONMENTAL PROTECTION DIVISION | Houston, Texas 77027 |
| P.O. Box 12548, MC-066 | (713) 355-5000 |
| Austin, Texas 78711 | |
| (512) 463-2012 | |
| | |
| – and – | – and – |
| | |
| W. Mark Lanier | Glenn T. Graham |
| Alex Brown | KELLEY DRYE & WARREN LLP |
| THE LANIER LAW FIRM, P.C. | Three World Trade Center |
| 10940 West Sam Houston Parkway | 175 Greenwich Street |
| North, Suite 110 | New York, New York 10007 |
| Houston, Texas 77064 | (212) 808-7800 |
| (713) 659-5200 | |

*Counsel for Plaintiff-Respondent State of Texas*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit on October 10, 2025 using the appellate CM/ECF system. Registered CM/ECF users participating in the case will be served by the appellate CM/ECF system.

*/s/ William J. Jackson*
William J. Jackson

**CERTIFICATE OF COMPLIANCE**

I certify that this opposition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it was prepared in 14-point Century Schoolbook, a proportionally spaced typeface, using Microsoft Word 2025. This opposition complies with the type-volume limitation of Rule Fed. R. App. P. 5(c)(1) because it contains 4,213 words, excluding the parts exempted by Fed. R. App. P. 32(f).

*/s/ William J. Jackson*
William J. Jackson